# Exhibit A

Evan J. Smith, Esquire (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| VEASNA VONG, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LAZY DOG RESTAURANTS, LLC, <br><br> Defendant. | Case No.:  20STCV02562 <br><br> FIRST AMENDED CLASS ACTION COMPLAINT FOR: <br><br> (1)    VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, et seq. <br><br> (2)    VIOLATIONS OF THE CDPA, CALIFORNIA CIVIL CODE § 54.1, et seq. <br><br> (3)    VIOLATIONS OF CAL. CIV. CODE § 55.1, et seq. <br><br> (4)    VIOLATIONS OF 42 U.S.C. § 12181, et seq <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Veasna Vong ("Plaintiff"), by and through his attorneys, alleges the following based upon personal knowledge as to his own acts, and upon information and belief and his attorneys' investigation as to all other facts.

1.    Plaintiff, on behalf of himself and on behalf of a Class of mobility impaired/wheelchair-bound persons, alleges that defendant Lazy Dog Restaurants, LLC ("Lazy Dog" or "Defendant"), is in violation of the anti-discrimination state statutes of California, the Unruh Civil Rights Act, California Code § 51 et seq. ("Unruh Act"), the California Disabled Persons Act, California Civil Code § 54 et seq. ("CDPA"), and Cal. Civ. Code § 55 et seq, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq.

2.     Plaintiff seeks statutory damages and reasonable attorneys' fees and costs on behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or would like to patronize the restaurants identified below.

## STATUTORY BACKGROUND

*California Statutes*

3.     Both the CDPA, which was enacted in 1968, and the Unruh Act, which was amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of disability and require full and equal access to services, facilities and advantages of public accommodations.

4.     All buildings constructed or altered after July 1, 1970, must comply with standards governing the physical accessibility of public accommodations.

5.     From December 31, 1981 until the present, the standards have been set forth in Title 24 of the California regulatory code (the "California Standards"). In addition to setting forth design and construction standards, the California Standards require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities. California Standards, § 1101B.3.

6.     A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act. A violation of 42 U.S.C. § 12181, et seq., of the Americans with Disabilities Act ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of whether the plaintiff has suffered any actual damages.  Cal. Civ. Code, § 54.3.

7.     The Unruh Act, Cal. Code, § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever."

8.     In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990… shall also constitute a violation of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

FIRST AMENDED CLASS ACTION COMPLAINT

9.      Under Cal. Civ. Code, § 55, a plaintiff may file an action to enjoin any technical violations of California's access laws, without an actual attempt to access the facility or to prove the violation results from discrimination. Injunctive relief under § 55 is available as a cumulative remedy under the Unruh Act and/or the CDPA. *Molsky v. Arciero Wine Group*, 164 Cal. App. 4th 786, 79 Cal. Rptr. 3d 574 (2008).

10.     Despite an extended period of time in which to become compliant and despite the extensive publicity the CDPA and Unruh Act have received over the years, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to, and use of their restaurants.

***Federal Statutes***

11.     On July 26, 1990, Congress enacted the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12101 et seq., establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities and privileges of, and access to, places of public accommodation.

12.     Congress explicitly stated that among the purposes of the ADA were:

(a)      to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)      to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(c)      to invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. Section 12101(b)

13.     Pursuant to 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

FIRST AMENDED CLASS ACTION COMPLAINT

14.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less). See 42 U.S.C. Section 12181 and 28 C.F.R. 36.508(a).

15.     Despite an extended period of time in which to become compliant with the ADA, and despite the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to and use of their locations.

## PARTIES AND STANDING

16.     Plaintiff is a citizen of the State of California, is domiciled in Bellflower, CA, and qualifies as an individual with disabilities as defind by the ADA. Plaintiff requires a wheelchair to move about. Plaintiff has visited and patronized Lazy Dog restaurants within the State of California, and has experienced discrimination at such restaurants as more fully set forth below. Plaintiff is being deterred from patronizing Lazy Dog but intends to return to these restaurants for the dual purpose of availing himself of the goods and services offered to the public at such restaurants and to ensure that these restaurants cease evading their responsibilities under state law.

17.     Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury as a result of Defendant's actions and/or omissions as described herein.

18.     Plaintiff has reasonable grounds to believe that Defendant will continue to subject him, and other disabled individuals to discrimination in violation of the laws of the State of California, given that the Defendant has failed to bring existing restaurants into compliance for over thirty years, and has allowed new restaurants to be constructed that are similarly out of compliance.

19.     Defendant Lazy Dog, at all relevant times to this litigation acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Lazy Dog is a Delaware corporation with a registered agent for service of process located at c/o National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

20. Upon information and belief, Defendant operates over eighteen (18) restaurants in California. Defendant's restaurants that are located in the State of California are required to comply with California state law and be fully accessible to the mobility impaired.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction of the Unruh Act and CDPA claims pursuant to Cal. Civ. Code §§ 51, 54, and 55.

22. Venue lies in this district as Defendant is found and/or does substantial business here, and a part of the property that is the subject of the action is so situated.

## CLASS ACTION ALLEGATIONS

23. Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

24. Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

25. Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Markets, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

26.     In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

27.     The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized Lazy Dog restaurants identified herein, who have been, or who were, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Lazy Dog restaurants identified herein (the Class).

28.     The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

29.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     Whether Defendant's locations are "public accomodations" under the ADA;

(b)     Whether Defendant's locations deny the full and equal enjoyment of their goods, services, programs, facilities, privileges, advantages, or accommodations, and full and equal access to their facilities to individuals with disabilities in violation of ADA;

(c)     Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(d)     Whether Defendant's restaurants have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or  accommodations to individuals with disabilities;

- 6 -

(e)   Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(f)   Whether Defendant has failed to remove architectural and communication barriers in existing restaurants, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(g)   Whether violations of the ADA also constitute per se violations of the California anti-discrimination statutes Cal. Civ. Code §§ 51, 54, and 55 et. seq.;

(h)   Whether Defendant has violated and/or continues to violate the state anti-discrimination statutes identified herein by denying equal access to disabled persons at places of public accommodation;

(i)   Whether the state anti-discrimination statues identified above provide for a private right of action;

(j)   Whether the state anti-discrimination statues identified above provide for injunctive relief;

(k)   Whether to recover under the Unruh Act a plaintiff must plead and prove intentional discrimination;

(l)   Whether a plaintiff must prove intentional conduct to recover under the CDPA; and

(m)   Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Act or CDPA.

FIRST AMENDED CLASS ACTION COMPLAINT

30.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of the Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claims that Defendant has violated state law by violating the ADA and Title 24 by failing to make its restaurants accessible to individuals with disabilities and by excluding Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's restaurants, and subjecting Plaintiff to discrimination by failing to provide its facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to Plaintiff, as well as other similarly situated persons.

31.     Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

33.     There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the California. There are no obstacles to effective and efficient management of the lawsuit as a class action.

**LAZY DOG RESTAURANTS OWNED/OPERATED BY DEFENDANT
IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

34.     On November 25, 2019 Plaintiff patronized the Lazy Dog located at 16310 Beach Blvd., Westminster, CA to buy lunch and suffered discrimination as a result of being denied full and equal access. Specifically, this restaurant denied Plaintiff equal access because it did not provide an accessible parking lot and/or restroom area. First, Plaintiff was deterred from parking

in a handicap accessible parking space because the parking lot did not have an adequate number of accessible and/or van handicap accessible parking spaces, and because the parking lot lacked accessible and/or van handicap accessible parking signage in addition to a sign or language below the symbol of accessibility stating "minimum fine $250.00" so as to deter the use of handicap accessible parking spaces by persons that are not disabled. As a result, Plaintiff was unable to park in a handicap accessible parking space. Once inside the restaurant, Plaintiff was denied equal access to the restaurant's restroom. Initially, Plaintiff was unable to access the restroom without assistance due to the excessive force required by him to open the restroom door thereby making it impossible for him to wheel himself inside, unassisted. Once inside the restroom, Plaintiff was deterred from using the facilities because he would not be able to wash his hands after as a result of the soap dispenser being mounted excessively high and out of reach and because that pipes under the lavatory were uncovered and Plaintiff feared burning his legs. As a result, Plaintiff was unable to use the restroom.

35.     Thereafter, on November 26, 2019, Plaintiff attempted to resolve this dispute without the need for litigation by providing Defendant with written notice and the opportunity to cure by requesting that Defendant make accessible the Lazy Dog restaurant located at 16310 Beach Blvd., Westminster, CA. In his correspondence to the restaurant manager, Plaintiff informed him or her that the restaurant's parking lot and restroom is not accessible to him for the above reasons, and asked that these problems be fixed within 30 days. Plaintiff did not seek any monies or statutory damages.

36.     Plaintiff received no response to his November 26, 2019, letter. As a result, he is now being deterred from patronizing all of Defendant's locations.

37.     Plaintiff has retained attorneys to prosecute the claims alleged herein who, in turn, retained professional building experts to investigate, identify and document Defendant's discriminatory barriers. Those investigations, which are still ongoing, have to date identified the restaurants listed below as being in serious violation of state law as a result of their violations of the California Standards governing the physical accessibility of public accommodations and/or the ADA which results in a violation of both the Unruh Act and CDPA. This information has been

disseminated to Plaintiff providing him with actual notice of the violations at Defendant's restaurants listed below:

1.   16310 Beach Blvd., Westminster, CA 92683

2.   300 Palladio Pkwy., Folsom, CA 95630

3.   238 Gibson Dr., Roseville, CA 95678

4.   1961 Diamond Blvd., Concord, CA 94520

5.   3525 W. Carson St., Torrance, CA 90503

6.   1202 Camino Del Rio N., San Diego, CA 92108

7.   4805 Hacienda Dr., Dublin, CA 94568

8.   1440 Plaza Dr., West Covina, CA 91790

9.   24201 Valencia Blvd., Valencia, CA 91355

10.   11560 4th St., Rancho Cucamonga, CA 91730

11.   240 S. State College Blvd., Brea, CA 92821

12.   19359 Stevens Creek Blvd., Cupertino, CA 95014

13.   40754 Winchester Rd., Temecula, CA 92591

14.   278 Los Cerritos Center, Cerritos, CA 90703

15.   13290 Jamboree Rd., Irvine, CA 92602

16.   3100 Newpark Mall, Newark, CA 94560

17.   7965 N. Blackstone Ave., Fresno, CA 93720

18.   598 Town Center Dr., Oxnard, CA 93036

38.   Despite receiving notice and an opportunity to cure from Plaintiff, Defendant has refused to address its accessibility violations. The aforementioned violations are ongoing and continue to result in Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these restaurants.

FIRST AMENDED CLASS ACTION COMPLAINT

39.     Defendant has discriminated and is discriminating against Plaintiff, and others similarly situated, by failing to, *inter alia*, have accessible facilities, as described below, and required by both the California Standards and by the ADA. The following list describes Defendant's violations in or at the Lazy Dog restaurants listed above:

1.     **16310 Beach Blvd.**
       **Westminster, CA 92683**

       **Violation 1**
       There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

       **Violation 2**
       There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

       **Violation 3**
       There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

       **Violation 4**
       There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

       **Violation 5**
       There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

       **Violation 6**
       The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

       **Violation 7**
       The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

       **Violation 8**
       The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

       **Violation 9**
       The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

2.     **300 Palladio Pkwy.**
       **Folsom, CA 95630**

       **Violation 1**
       There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

       **Violation 2**

FIRST AMENDED CLASS ACTION COMPLAINT

There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 4**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 5**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 6**
The soap dispenser in the restroom is located more than 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 7**
The paper towel dispenser in the restroom is located more than 49" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7

3. **238 Gibson Dr.**
**Roseville, CA 95678**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 7**
The soap dispenser in the restroom is located 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

FIRST AMENDED CLASS ACTION COMPLAINT

4.  **1961 Diamond Blvd.**
    **Concord, CA 94520**

    **Violation 1**
    There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

    **Violation 2**
    The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

    **Violation 3**
    The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

    **Violation 4**
    The mirror in the restroom is 55" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

    **Violation 5**
    The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

    **Violation 6**
    The soap dispenser in the restroom is located 45" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

    **Violation 7**
    The paper towel dispenser in the restroom is located 45" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

5.  **3525 W. Carson St.**
    **Torrance, CA 90503**

    **Violation 1**
    The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

    **Violation 2**
    The restroom door force is over 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

    **Violation 3**
    The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

    **Violation 4**
    The mirror in the restroom is 48" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

    **Violation 5**
    The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

    **Violation 6**

The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 7**
The soap dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

6.     **1202 Camino Del Rio N.**
       **San Diego, CA 92108**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The mirror in the restroom is 53" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

7.     **4805 Hacienda Dr.**
       **Dublin, CA 94568**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 5**

**FIRST AMENDED CLASS ACTION COMPLAINT**

The mirror in the restroom is 49" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

8.    **1440 Plaza Dr.**
      **West Covina, CA 91790**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The mirror in the restroom is 42" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 5**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 6**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

9.    **24201 Valencia Blvd.**
      **Valencia, CA 91355**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 5**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

10. **11560 4th St.**
**Rancho Cucamonga, CA 91730**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 6 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The mirror in the restroom is 50" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 5**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 6**
The restroom clothing hooks are located 65" from the floor.  This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

11. **240 S. State College Blvd.**
**Brea, CA 92821**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The mirror in the restroom is 52" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 4**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the restroom is located 41" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

12. **19359 Stevens Creek Blvd.**

Cupertino, CA 95014

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The mirror in the restroom is 47" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 4**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the restroom is located 41" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

13.  **40754 Winchester Rd.**
     **Temecula, CA 92591**

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The mirror in the restroom is 51" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 4**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

14.  **278 Los Cerritos Center**
     **Cerritos, CA 90703**

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

- 17 -

**Violation 3**
The mirror in the restroom is 42" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 4**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the restroom is located 41" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

15.     **13290 Jamboree Rd.**
        **Irvine, CA 92602**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

16.     **3100 Newpark Mall**
        **Newark, CA 94560**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 3**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The soap dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

17.     **7965 N. Blackstone Ave.**
        **Fresno, CA 93720**

**Violation 1**

There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

18.   **598 Town Center Dr.**
      **Oxnard, CA 93036**


**Violation 1**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 2**
The mirror in the restroom is 48" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 3**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 4**
The soap dispenser in the restroom is located 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

40.   The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's accessibility barriers and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendant's restaurants.

41.   The correction of these violations is readily achievable or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

42.   To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendant's failure to comply with these standards or regulations is that Defendant has discriminated against disabled persons by denying them the full and equal

FIRST AMENDED CLASS ACTION COMPLAINT

enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Defendant's restaurants.

43.     As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendant's restaurants, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations. Unless Defendant's restaurants are brought into compliance, said persons will continue to suffer injury in the future.

**COUNT I**

**(Unruh Civil Rights Act)**

44.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

45.     Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq.

46.     The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, et seq.

47.     The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

48.     Defendant has violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages,

FIRST AMENDED CLASS ACTION COMPLAINT

facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

49.     Defendant has violated the Unruh Act, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its location.

50.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its location and its facilities to individuals with disabilities and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons.

51.     Defendant has violated the Unruh Act by both being in violations of the California Standards and rights provided under the Americans with Disabilities Act of 1990.

52.     Further, Defendant has violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in their restaurants.

53.     Plaintiff is being deterred from patronizing Defendant's restaurants as a result of his actual knowledge of the violations stated above.

54.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## COUNT II

### (California Disabled Persons Act)

55.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

56.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, et seq.

57.     The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq. and relevant provisions of the California building code regulations.

58.     The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

59.     Defendant has violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendant.

60.     Defendant has violated the CDPA by, *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to their restaurants.

61.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and its facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

62.     Defendant has violated the CDPA by being, as listed above, in violation of both California Standards and the ADA.  Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

63.     Plaintiff is being deterred from patronizing Defendant's restaurants as a result of his actual knowledge of the violations stated above.

64.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 54, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Cal. Civ. Code § 55)

65.     Plaintiff re-alleges and incorporates by reference all of the above allegations set forth in the Complaint as if fully set forth herein.

- 22 -

FIRST AMENDED CLASS ACTION COMPLAINT

66.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of Cal. Civ. Code § 55, et seq.

67.     The conduct alleged herein violated the Cal. Civ. Code, § 55, et seq. and relevant provisions of the California building code regulations.

68.     Plaintiff brings the claim to enjoin any technical violations of the California Standards or access laws.

69.     In order to enjoin the aforementioned violations, Plaintiff is not required to prove an actual attempt to access Defendant's restaurants or to prove that the violation results from discrimination.

70.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below.

## COUNT IV

### (Americans With Disabilities Act)

71.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.  This Count is brought on behalf of the Class against Defendant.

72.     Pursuant to 42 U.S.C. Section 12181(7) and 28 C.F.R. Section 36.104, Defendant owns and/or operate places of public accommodation, Defendant Lazy Dog, comprising various facilities which provide retail food and drugs to the general public.  All of Defendant's facilities are public accommodations and are covered by the ADA.

73.     The ADA defines illegal discrimination to include, in pertinent part:

      (a)     Failure to remove architectural barriers . . . that are structural in nature, in Existing facilities . . . where such removal is readily achievable;

      (b)     With respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by

FIRST AMENDED CLASS ACTION COMPLAINT

individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affect or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path or travel to the altered area . . .[is] readily accessible to and usable by individuals with disabilities where such alterations to the path or travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General); and

(c)     failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities.

74.     Defendant has been and continues to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. Section 36.304(a); in the alternative, if there has been an alteration to any of Defendant's places of public accommodation since January 26, 1992, then the Defendant was required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if any of the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such facilities must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

75.     Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

76.     Defendant has discriminated against Plaintiffs, and others who are similarly situated, by denying access to full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. Section 12181 <u>et</u> <u>seq</u>. and 28 C.F.R. 36.302 <u>et</u> <u>seq</u>., as described below.

77.     Defendant has discriminated and is discriminating against Plaintiff and others similarly situated, in violation of the ADA, by failing to, <u>inter</u> <u>alia</u>, have accessible facilities, as described below, by January 26, 1992.  The following list describes, by way of example, certain, but not all of, Defendants' commonplace violations of the ADA, with respect to Defendant Lazy Dog locations.

> (a)     There is not the required number of van accessible spaces. This violates ADAAG sec. 4.1.2(5)(b);
>
> (b)     The disabled parking signage fails to indicate van accessibility, indicating the penalty for illegal use of the space.  This violates ADAAG sec. 4.6.4., 4.30.7;
>
> (c)     The toilet room door opening force is greater than 5 lbs.  This violates ADAAG 4.13.11;
>
> (d)     The mirror in the toilet room is higher than 40".  This violates ADAAG sec. 4.22.6;
>
> (e)     The pipes under the lavatory are exposed. This violates ADAAG sec. 4.22.6, 4.19.4;
>
> (f)     The edge of the built-up curb ramp has a change in level that is not beveled. This violates ADAAG sec. 4.5.2;
>
> (g)     There are an inadequate number of parking spaces for disabled persons. This violates ADAAG sec. 4.6, 4.30.

78.     The discriminatory violations described above are not an exclusive or exhaustive list of the Defendant's ADA violations, and, upon information and belief, there are other

miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendant's facilities.

79.    The correction of these violations of the ADA is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by the ADA.

80.    To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The effect of Defendant's failure to comply with the ADA is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant Lazy Dog's locations.

81.    As a result of that failure to remedy existing barriers to accessibility, the Plaintiffs and others similarly situated have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendant's locations, and have otherwise been discriminated against and have suffered damages caused by Defendant's ADA violations.  Unless Defendant's locations are brought into compliance with the ADA, said persons will continue to suffer injury in the future.

82.    Plaintiff and others similarly situated either regularly enter and/or use Defendant's locations, would like to enter and/or use Defendant's locations, or may enter and/or use Defendant's locations in the future.  Plaintiff is ready, willing and able to patronize Defendant's locations when the discriminatory policies and barriers are removed or cured.

83.    In addition, the discriminatory features of Defendant's locations are generally known to the individual Plaintiff, and others similarly situated, who are discouraged from patronizing Defendant Lazy Dog's locations.  Many either avoid the facilities because they are aware of the discriminatory barriers they will encounter there, or attend the grocery locations with knowledge that their access to those facilities will be limited by virtue of Defendant's persistent and pervasive violations of the ADA.

84.    The individual Plaintiffs, and others similarly situated were injured by the discrimination they encountered at Defendant's locations and/or continue to be injured by their

inability to patronize Defendant's locations.  They have also been injured by the stigma of Defendant's discrimination.

85.     Plaintiff's injuries are traceable to Defendant's discriminatory conduct alleged herein and will be redressed by the relief requested.  Plaintiff and others similarly situated have been injured and will continue to be injured by Defendant's failure to comply with the ADA and its continued acts of discrimination.

86.     Plaintiff has retained the undersigned counsel.  Plaintiff is entitled to recover his attorneys' fees, costs and expenses from the Defendant pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.

87.     Notice to the Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992.  All other conditions precedent have been met by Plaintiff or waived by Defendants.

88.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

89.     Pursuant to 42 U.S.C. Section 12188, this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter Defendant locations to make those facilities readily accessible to Plaintiff and all other persons with disabilities as defined by the ADA or by closing the facilities, either temporarily or permanently, until such time as the Defendant cures its violations of the ADA.

## **RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following relief:

A.     that this Court certify the proposed Class;

B.     that this Court certify Plaintiff as class representative on behalf of the Class;

C.     that this Court declare that the policies, procedures, and services, and facilities at the Defendant's restaurants located in California have been discriminatory and violative of the ADA and therefore are violative of the Unruh Act and the CDPA;

D.     that this Court declares that the policies, procedures, services, and facilities of Defendant is discriminatory and violative of the state anti-discrimination statutes of California and the California Standards;

E.     that this Court declare that Defendant's violation of the state anti-discrimination statutes of California is intentional.

F.     that this Court Order injunctive relief to require Defendant to become in compliance and remain in compliance with state anti-discrimination statutes.

G.     that this Court award minimum statutory damages on behalf of the Plaintiff against Defendant pursuant to the state statutes identified above;

H.     that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

I.     that this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: December 11, 2020          BRODSKY & SMITH, LLC

By: _____
Evan J. Smith (SBN242352)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT

1  BRODSKY & SMITH, LLC
   Evan J. Smith (SBN 242352)
2  Ryan P. Cardona (SBN 302113)
   9595 Wilshire Blvd., Ste. 900
3  Beverly Hills, CA 90212
   Tel.: (877) 534-2590
4  Fax: (310) 247-0160
   esmith@brodskysmith.com
5  rcardona@brodskysmith.com

6  *Attorneys for Plaintiff*

7             UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9  VEASNA VONG, on behalf of          Case No. 20STCV02562
   himself and all others similarly
10 situated,                          *[Assigned for all purposes to the*
                                      *Honorable Elihu Berle, Department 6,*
11                                    *Spring Street Courthouse]*
                 Plaintiff,
12                                    **PROOF OF MAILING**

13        v.

14 LAZY DOG RESTAURANTS,
   LLC,
15
                 Defendant.
16

17        I, Evan J. Smith, Esquire, declare:

18        I am over the age of eighteen years, and not a party to the within action; my
19 business address is Two Bala Plaza, Suite 805, Bala Cynwyd, PA 19004 and
   California business address is 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA
20 90212. On December 11, 2020, I served the within document(s):

21        **1. Plaintiff's First Amended Class Action Complaint**

22 by serving a true copy of the above-described document in the following manner:

23                **BY ELECTRONIC MAIL & U.S. MAIL**
24
25 The above-described documents were transmitted via electronic mail to the
   following parties on December 11, 2020:
26
27 Upon the following:

28

PROOF OF MAILING

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
hgrunvald@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

*Attorneys for Defendant*

I declare under penalty of perjury under the laws of California and of the United States of America that the above is true and correct.

Executed on December 11, 2020, at Bala Cynwyd, Pennsylvania.

**BRODSKY & SMITH, LLC**

By: _____
Evan J. Smith (SBN242352)
Ryan P. Cardona (SBN302113)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:  (877) 534-2590
Facsimile:   (310) 247-0160
Email:esmith@brodskysmith.com
         rcardona@brodskysmith.com

*Counsel for Plaintiff*